UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT N. MOORE,

        Petitioner,

        v.

ROSS MIRKIRIMI,

        Respondent.

                                /

No. C 14-2704 EDL (PR)

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL**

Petitioner, a state pretrial detainee, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's motions for leave to proceed in forma pauperis are GRANTED. For the reasons stated below, petitioner's petition is DISMISSED.

**DISCUSSION**

**A.    Standard of Review**

A federal writ of habeas corpus extends to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In this instance, the petition is properly brought under 28 U.S.C. § 2241, which "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *See Frantz v. Hazey*, 533 F.3d 724, 736 (9th Cir. 2008) (en banc) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)). The petition does not come within 28 U.S.C. § 2254, because petitioner, as a pretrial detainee, is not being held "pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254; *see also McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

**B.    Legal Claims**

Petitioner is currently a pretrial detainee being held at the San Francisco County Jail in San Bruno. He states that he was placed into disciplinary isolation in May 2014 for

violating rules, and was due to be released from disciplinary isolation on July 10, 2014. He claims that because he is a pretrial detainee, he should not have been placed in disciplinary isolation. Moreover, he appears to argue that his right to due process was denied at the disciplinary hearing.

The petition has several deficiencies that require this court to dismiss the action. First, because petitioner was placed in disciplinary isolation for 55 days, to be released from isolation on July 10, 2014, the action appears to be moot. Article III, Section 2, of the Constitution requires the existence of a "case" or "controversy" through all stages of federal judicial proceedings. An incarcerated convict's challenge to the validity of his conviction satisfies the case-or-controversy requirement, because the incarceration constitutes a concrete injury, caused by the conviction and redressable by the invalidation of the conviction. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained and not considered moot. *Id.* Thus, a prisoner seeking to challenge prison disciplinary proceedings in habeas must demonstrate that continuing collateral consequences exist if the punishment imposed as a result of the disciplinary action has expired. *See Wilson v. Terhune*, 319 F.3d 477, 481 (9th Cir. 2003). It does not appear that petitioner has any continuing collateral consequences.

Second, to the extent petitioner is challenging the result of his disciplinary hearing based on a claim of insufficient evidence and a violation of his right to call witnesses (Pet., Ex. C), principles of comity and federalism require that a federal reviewing court abstain and not entertain a pre-trial habeas challenge unless the petitioner shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see also Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Here, petitioner claims that he has filed a grievance with the jail, but he has not filed any state habeas proceedings. Moreover, petitioner has not

alleged any "special circumstances" to warrant intervention at this time.

Finally, it appears that petitioner's claim is better suited as a federal civil rights claim because petitioner appears to be challenging the conditions of his confinement. The only explicit claim that petitioner brings is an assertion that, as a pretrial detainee, he should not be placed in disciplinary isolation. To support that statement, petitioner cites to *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). *Bell* stands for the proposition that, under the Due Process Clause, a pretrial detainee may not be punished prior to an adjudication of guilt on criminal charges in accordance with due process of law. *Id.* However, such a challenge is to petitioner's condition of confinement, and not to the fact or legality of his detention. Thus, petitioner's claim is dismissed without prejudice. Petitioner may raise the claim by initiating a new federal civil right action.

## CONCLUSION

1. The petition is **DISMISSED** for the reasons set out above.

2. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA). The clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated: October 22, 2014.

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

P:\PRO-SE\EDL\HC.14\Moore704.dsm.wpd